### In re Estate of Daniel C. Hurlbut

[ 236 A.2d 68 ]

October Term, 1967

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 5, 1967

Reargument Denied January 25, 1968

*Ehrich & Mollica* for Mrs. Daniel C. Hurlbut, widow appellant.

*Eugene V. Clark* for John N. Hurlbut and John N. Hurlbut as guardian for Suzanne and Daniel C. Hurlbut, II, appellants.

*Ryan, Smith & Carbine* for trustees under declaration of trust.

*Williams & Witten* for executors and trustees u/w of Daniel C. Hurlbut.

**Barney, J.**   Two questions, raised in a declaratory judgment proceeding, have been certified here by the probate court:

(1) Is the federal estate tax an expense of administration which must be deducted before computing the amount to which (the widow) is entitled?

(2) Does the amount to which she is entitled include a pro rata portion of net probate income?

Both were answered in the affirmative below.

They arise in the context of a substantial estate consisting entirely of personalty. Although provision was made for the widow and for payment of the tax obligations by the testator, she elected to take against the will. This entitles her to her statutory share under the provisions of 14 V.S.A. §§401 and 402:

### 401.  *Share of surviving spouse*

The surviving spouse of a decedent shall receive out of decedent's personal estate, not lawfully disposed of by the decedent's last will, all the articles of wearing apparel and ornament, the wearing apparel of the decedent, and such other part of the personal estate of the decedent as the probate court assigns to such surviving spouse, according to his or her circumstances and the estate and degree of the decedent, which shall not be less than a third, after payment of the debts, funeral charges and expenses of administration.

### 402.  *Waiver of will by surviving spouse*

The same allowance shall be made when the surviving spouse waives the provision made for him or her in the will of the decedent, * * * and shall be in lieu of his or her claim to the personal estate. * * *

It is the widow's contention that this statutory share should be computed before any deduction on account of federal estate taxes. The other beneficiaries object to having the full burden of that tax thus thrust upon them.

In 1945 this issue was touched upon in *In re Everett Estate,* 114 Vt. 256, 260, 44 A.2d 149. It was said there that the federal estate

tax is payable out of the estate as a whole. On the authority of *Riggs* v. *Del Drago,* 317 U.S. 95, 97-98, 63 S.Ct. 109, 87 L.Ed. 106, this Court found that Congress had not undertaken to specify where the burden of the tax should fall, leaving it to be determined by state law. At that time there was no Vermont statute fixing this tax burden, so it was held to fall upon the net estate. *In re Everett Estate, supra.* There is still no such statute.

In 1948, Congress enacted the present marital deduction aspects of the Internal Revenue Code. 26 U.S.C.A. §2056. There is no indication, however, that Congress intended it to work any change in its previously avowed purpose to leave the assignment of the estate tax burden to state law. Indeed, the language of subsection (b) (4) of 26 U.S.C.A. §2056, requiring consideration of the effect of any estate tax on the net value of the interest passing to a surviving spouse in computing the marital deduction, indicates that the *Riggs* rule still prevails. *In re Uihlein's Will,* 264 Wis. 362, 59 N.W.2d 641, 645-646, 38 A.L.R.2d 961. Thus the situation is no different than it was at the time of the *Everett* case, *supra,* 114 Vt. 256, 260, 44 A.2d 149.

It is urged that the rule ought to be different, that it should be changed. We are asked to consider that the widow ought not to be assessed any part of a tax whose impact was not brought about by her share of the estate. As to this position, we note that Congress did not give a special exemption against taxation to the widow, but made the existence of her statutory share reduce the measure of the net estate for tax purposes. *Old Colony Trust Co.* v. *McGowan,* 156 Me. 138, 145-146, 163 A.2d 538, 543. The tax still rests against the estate generally, but more of it remains available for distribution. The widow shares this benefit.

If the share of the widow is computed before deduction of the estate tax, the burden falls entirely on the other beneficiaries without legislative action. This is the very allocative process found to have been disclaimed by Congress, and requires this Court to construct, rather than construe, a statute which our legislature has, thus far, not seen fit to enact. This would certainly be an unjustifiable intrusion on the legislative process.

The testator can free the surviving spouse of any tax burden on her share under the will, as was done here, or, in an appropriate case, on whatever share she takes. *In re Barnhart's Estate,* 102 N.H. 519, 162 A.2d 168. But when taking against the will rejects that

benefit, the widow's share is subject to the prior deduction of the federal estate tax from the net estate, as in the case of debts, funeral charges and expenses of administration. The probate court's affirmative answer was correct.

The second question is entirely concerned with Vermont law. Under our cases the widow's right to her statutory share of the personal estate vests in her immediately upon the death of her husband. *Estate of Johnson* v. *Estate of Johnson,* 41 Vt. 467, 471. The command of the statute is imperative. *Frost* v. *Frost's Est.,* 40 Vt. 625, 627. The property being immediately hers, *In re O'Rourke's Estate,* 106 Vt. 327, 331, 175 A. 24, the income is likewise hers, just as is the income from a widow's one-third interest in her husband's real estate. *Blanchard* v. *Blanchard's Est.,* 109 Vt. 454, 461, 199 A. 233.

The issue here is whether or not this has been changed by 14 V.S.A. §3303a. This section provides for the distribution of net probate income. In mandatory language, it directs that the executor, at the time of distribution, "shall pay over all other net probate income" to trustees of testamentary trusts or legatees of any portion of the residue in pro rata shares, "in accordance with the respective values of the property bequeathed or given in trust at the death of the testator as determined by the executor." It makes no mention or provision for any payment of any part of that "net probate income" to the surviving widow.

But income from the widow's statutory share is not available for distribution. It belongs to her from the moment her right to the personalty becomes choate. As income from property belonging to the widow absolutely, it can never be "net probate income" to be disposed of under this law. The statute gives no suggestion, positive or otherwise, of an intent to overset this vesting of the widow's interest. We are not disposed to forfeit firmly established rights of a widow by inference. *In re O'Rourke's Estate, supra,* 106 Vt. 327, 331, 175 A. 24. The probate court correctly ruled that the widow was entitled to that income.

*Both questions certified to this Court from the Probate Court for the District of Bennington are answered in the affirmative, and the cause is remanded.*