F. Lee ROBINSON, Executor of the Estate of Fred L. Robinson, Deceased, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 74–1380.

United States Court of Appeals, Ninth Circuit.

June 11, 1975.

Stephen Granat, Malta, Mont., Richard F. Gallagher, Great Falls, Mont., for plaintiff-appellant.

Otis L. Packwood, U. S. Atty., Billings, Mont., Roger M. Olsen, Trial Atty., U. S. Dept. of Justice, Scott P. Crampton, Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.

## OPINION

Before DUNIWAY and CHOY, Circuit Judges, and SKOPIL,* District Judge.

CHOY, Circuit Judge:

Fred L. Robinson died testate, his will directing that "all my just debts and funeral expenses be fully paid and satisfied." No provision in his will specifically named a source from which federal estate taxes were to be paid; indeed, taxes were never mentioned at all.

The will further provided:

6. All of the rest, residue and remainder of my estate real, personal and mixed, I give, devise and bequeath as follows, to-wit:

(a) an undivided one-third (⅓) thereof to my beloved wife CELIA S. ROBINSON, to have and to hold absolutely and forever.

The widow's one-third qualified for the marital deduction, Internal Revenue Code of 1954, § 2056, which meant that her share did not generate any federal estate tax.

F. Lee Robinson, as executor for the estate of Fred L. Robinson (the Estate),

---

* Honorable Otto R. Skopil, United States District Judge, District of Oregon, sitting by designation.

filed a federal estate tax return on which the amount of the marital deduction was computed as a flat one-third of the residuum. The Commissioner of Internal Revenue reduced the amount of the marital deduction by one-third of the federal estate tax and by the net Montana inheritance tax charged to the property passing to the widow.[1] The result of the decrease in the marital deduction amount was to increase the amount of the taxable portion of the estate. The Commissioner therefore assessed a deficiency. The Estate paid the deficiency, and then filed a claim for refund. The district court denied the claim, and the Estate appeals. We reverse.

### Applicability of State Law

The Internal Revenue Code provides that in determining the "value" of the interest passing to a surviving spouse for which the marital deduction is allowed "there shall be taken into account the effect which the [federal estate] tax imposed by section 2001, or any estate succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest." Int.Rev.Code of 1954, § 2056(b)(4)(A). The question whether estate taxes are to reduce the marital share, however, is controlled not by federal but by state law. *See Riggs v. Del Drago*, 317 U.S. 95, 98, 63 S.Ct. 109, 87 L.Ed. 106 (1942); *Estate of Whipple v. United States*, 419 F.2d 494, 497 (6th Cir. 1969); *Dodd v. United States*, 345 F.2d 715, 717 (3rd Cir. 1965); Reg. § 20.-2056(b)–4(c)(4).

Thus, the precise issues raised by this appeal are (1) whether under Montana law the residuary legatees must bear the federal estate tax burden where the will does not make provision for its payment and (2) if so, whether under Montana law a surviving spouse's share in the residuary estate shall bear directly or indirectly any part of the federal estate tax.

### Taxes as "Debts"

The Revised Codes of Montana, 1947, § 91–303 provides in part:

The property of a testator . . . must be resorted to for the payment of debts, in the following order:

1. The property which is expressly appropriated by the will for the payment of debts;
2. Property not disposed of by will;
3. Property which is devised or bequeathed to a residuary legatee

. . . .

■ The Estate argues that the term "debts" in this statute does not encompass taxes within its meaning. While there is no definitional section to resolve this problem, we feel that a reading of other provisions of Title 91 of the Montana Codes compels the opposite conclusion. For example, there is only one provision granting priority of payment to the United States, § 91–3601, and that provision speaks only of "debts", with no specific mention of taxes. The logical conclusion, therefore, is that under Title 91 of the Montana Codes "debts" owed to the United States encompasses federal estate taxes. Likewise, we conclude that the term "debts", as used in § 91–303, includes "taxes" within its meaning. *Accord, Thompson v. Wiseman*, 233 F.2d 734, 737 (10th Cir. 1956).

■ Consequently, Rev.Codes Mont. § 91–303 directs that, in this case, the residuum shall bear the burden of the federal estate tax. The Estate contends, however, that only that part of the residuum which generated the tax should pay it, and that the widow's one-third, since it qualified for the marital deduction, should bear no tax burden. The Commissioner, on the other hand, has charged the Estate an amount of tax computed as though the widow's share bore one-third of the tax.

---

1. The Montana inheritance tax is not in dispute. The Estate concedes, for purposes of this action, that the property passing to the widow and the marital deduction are properly reduced by the amount of the state tax. Brief for appellant at 4 n. 2.

### Equitable Apportionment

 The law of Montana with respect to the federal estate tax burden on a surviving spouse's residuary share is not readily ascertainable. The parties have not cited and we cannot find any Montana cases or statutes directly on point. In such a situation, however, the federal court is not without power to decide the state law question upon which federal tax liability depends. Its duty, where there is no definitive ruling by the state's highest court, is to determine as best it can what the state court would decide.[2] *See Commissioner v. Estate of Bosch*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); *Cox v. United States*, 421 F.2d 576, 583 (5th Cir. 1970).

The only relevant Montana decision found is *Estate of Marans v. Newland*, 143 Mont. 388, 390 P.2d 443 (1964). In that case, the Montana Supreme Court apportioned the burden of Federal estate taxes among probate and non-probate assets in order to prevent "tax inheritance" of the spouse-residuary legatee. Had not the court adopted as Montana law the doctrine of equitable apportionment, the spouse, who renounced the will to take a statutory share, would have borne the burden of the entire estate tax and would have ended up without a cent.

The Government reads the *Marans* decision very narrowly and argues that the equitable apportionment rule adopted by the court is applicable only to situations where probate and non-probate assets are involved. Although we concede that the *Marans* court probably did not anticipate the precise apportionment problem raised here, we believe that the equitable principle underlying that decision is applicable to this controversy.

 Accordingly, we find that under Montana law federal estate taxes, unless

their payment is otherwise specifically provided for in the will, must be equitably apportioned among residuary interests so that a residuary interest not generating any estate taxes does not bear any burden for payment of such taxes. *Cf. Cox v. United States*, 421 F.2d 576, 584–85 (5th Cir. 1970) (interpreting Alabama law); *Estate of Whipple v. United States*, 419 F.2d 494, 499 (6th Cir. 1969) (Kentucky law); *Dodd v. United States*, 345 F.2d 715, 720 (3rd Cir. 1965) (New Jersey law); *Pitts v. Hamrick*, 228 F.2d 486, 490–91 (4th Cir. 1955) (South Carolina).[3] *But cf. Greene v. United States*, 476 F.2d 116, 119 (7th Cir. 1973) (Wisconsin law); *Thompson v. Wiseman*, 233 F.2d 734, 738–39 (10th Cir. 1956) (Oklahoma law). Under the *Marans* rationale, it would be unjust to require the surviving spouse's residuary share to bear directly or indirectly any portion of the federal estate tax where no part of the spouse's share contributes to the tax burden.

 Consequently, we find that the share passing to the spouse is one-third of the residuary estate *before* payment of federal estate taxes and that the estate is entitled under § 2056 of the Internal Revenue Code to deduct the full amount of the interest passing to the spouse.

 In reversing the district court we are mindful of the rule in this circuit as well as other circuits that the court of appeals ordinarily gives great weight to the district judge's interpretation of the law of the state in which he sits, particularly if the highest state court has not passed on the matter. *Gilham v. Burlington Northern, Inc.*, 514 F.2d 660, 662 (9th Cir. 1975); *Hurst v. Dare To Be Great, Inc.*, 474 F.2d 483, 484 (9th Cir. 1973). The court of appeals, however, is not bound by the district court's inter-

---

**2.** The federal courts do have power to resolve state law questions bearing on federal tax liability, and we deny the Estate's motion to certify the question to the Montana Supreme Court.

**3.** These cases all involved situations where the spouse acquired a residuary interest by virtue

of either intestate succession or a renunciation of the will and election of the statutory share. We find, however, that the general principles articulated by the courts are wholly applicable to this case where the spouse received a residuary share by terms of the will.

pretation and may reverse the lower court where, as here, we feel the determination of state law is clearly wrong. *See Bagby v. Merrill Lynch, Pierce, Fenner & Smith*, 491 F.2d 192, 194 (8th Cir. 1974); *Hurst, supra.*

The decision of the district court is reversed and is remanded for the sole purpose of determining the amount of the refund in light of the Estate's concession that the value of the property passing to the widow and the marital deduction should be reduced by the amount of the state inheritance tax paid on the widow's share. *See* Brief for Appellant at 4 n. 2.

Reversed and remanded.