No. 13306

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

IN THE MATTER OF THE ESTATE OF
ARTHUR J. MOSBY, a/k/a A. J. MOSBY,
Deceased.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Edward T. Dussault, Judge presiding.

Counsel of Record:

For Appellant:

Skelton & Knight, Missoula, Montana
Robert Knight argued, Missoula, Montana
Garlington, Lohn and Robinson, Missoula, Montana
George Goodrich argued, Missoula, Montana

For Respondent:

Boone, Karlberg & Haddon, Missoula, Montana
Karl Karlberg argued, Missoula, Montana

---

Submitted: September 1, 1976

Decided: SEP 29 1976

Filed: SEP 29 1976

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

The question in this case is whether the widow's elected statutory share of her deceased husband's estate, which qualifies for the marital deduction and generates no federal estate tax liability, is exempt from payment of a proportional share of the federal estate tax attributable to the estate. The district court held it exempt. We reverse.

Arthur J. Mosby died testate, a resident of Missoula County, Montana, on November 26, 1970. His will provided, among other things:

> "Third: I have made no provision in this will for my wife, Ruth Greenough Mosby, since she has a separate estate which is more than adequate to meet her needs."

The will was admitted to probate in the district court of Missoula County on December 21, 1970.

In March, 1971, Ruth Greenough Mosby, widow of Arthur J. Mosby, by her guardian, filed a "Renunciation of Will and Election to Take Dower and Intestate Share" pursuant to the statute then in effect, section 22-107, R.C.M. 1947, which provides:

> "Widow may elect. Every devise or bequest to her by her husband's will shall bar a widow's dower in his lands and her share in his personal estate unless otherwise expressed in the will; but she may elect whether she will take under the provisions for her in the will of her deceased husband or will renounce the benefit of such provisions for her, and take her dower in the lands and her share in the personal estate under the succession statutes, as if there had been no will, but not in excess of two-thirds (2/3) of the husband's net estate, real and personal, after the payment of creditors' claims, expenses of administration and any and all taxes, including state and federal inheritance and estate taxes."

The intestate share of Ruth Greenough Mosby was one-third of the decedent's net estate in accordance with succession statute, section 91-403(1), R.C.M. 1947. Ruth Greenough Mosby died on January 24, 1972.

The Mosby estate paid United States federal estate taxes in excess of $230,000, including a deficiency payment plus interest, by May of 1975. Thereafter the Mosby estate representatives filed their report and petition in the district court, proposing to distribute to the estate of Rugh Greenough Mosby (hereinafter the Greenough estate), out of the personal property of the Mosby estate, one-third of the inventory and appraisement value, less debts, administrative expenses and federal estate taxes paid. The petition was served on all interested persons.

One week later the personal representative of the Greenough estate filed objections to the Mosby estate report and petition. His primary contention was that the Greenough estate's elected intestate share consisted of one-third of the personal property of the Mosby estate reduced only by the debts of Arthur J. Mosby, but without reduction for costs of administration or federal estate tax. Following hearings and on January 8, 1976, the district court entered an amended order holding, insofar as is pertinent to this appeal, that the Mosby estate was required to distribute to the Greenough estate the intestate share of Ruth Greenough Mosby, reduced by debts of Arthur J. Mosby, costs of administration, and Montana inheritance taxes, but not subject to payment of federal estate taxes. The district court expressly predicated its ruling upon the decision of the United States Court of Appeals for the Ninth Circuit in Robinson v. United States, 518 F.2d 1105 (1975).

On January 16, 1976, counsel for the Mosby estate and counsel for Fredaline M. Yonce, one of the residuary legatees of Arthur J. Mosby, filed a motion for rehearing and motion to alter and amend the amended order of January 8, 1976. The motion alleged that the district court erroneously relied upon

Robinson, supra, and erroneously applied the rule of "equitable apportionment" to the facts before the court. They further alleged that the representative of the Greenough estate, prior to his filing objections, affirmatively acquiesced in and agreed with the allocation of federal estate taxes to the share of Ruth Greenough Mosby; that such acquiescence created an inequity to the remaining legatees which should prevent the Greenough estate from benefiting from an equitable apportionment rule; and that the Greenough estate's objections should be barred by laches and equitable estoppel. After a hearing on January 26, 1976, at which the district court heard further arguments and an offer of proof, the district court denied the motion in all respects and confirmed its amended order of January 8, 1976.

The representatives of the Mosby estate and Fredaline M. Yonce, residuary legatee, appeal from the amended order of January 8, 1976.

The controlling issue on appeal is whether the widow's elected intestate share of the decedent's estate, which wholly qualifies for the marital deduction under federal estate tax laws, is exempt from payment of a proportionate share of the federal estate tax liability.

Section 2056(a) of the Internal Revenue Code of 1954, 26 U.S.C. §2056(a), covers the marital deduction. It allows a deduction:

> " * * * from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate."

The maximum marital deduction allowable, however, is 50 percent of the value of the adjusted gross estate. 26 U.S.C. §2056(c)(1).

In this case the elected intestate share of the Greenough estate qualifies for the marital deduction. As a consequence,

- 4 -

this one-third elected share does not constitute a portion of the gross estate and does not cause, contribute to or generate any federal estate tax.

The Mosby estate and Fredaline M. Yonce, a residuary legatee, argue that because the entire estate is liable for payment of federal estate taxes before distribution of the widow's share, such share should bear its proportional share of the federal estate tax. The Greenough estate, on the other hand, contends that no part of the federal estate tax should be deducted from the widow's elected statutory share as such share generates no tax because of the marital deduction.

At the outset we observe that the federal estate tax is an excise tax upon the transfer of an estate upon the death of the owner as distinguished from an inheritance tax imposed upon the interest passing to a particular distributee. In re Glover's Estate, 45 Hawaii 569, 371 P.2d 361; Seattle-First Nat. Bank v. Macomber, 32 Wash.2d 696, 203 P.2d 1078. The federal estate tax is imposed upon the value of the estate reduced by the marital deduction. Sec. 2056(a) of the Internal Revenue Code of 1954, 26 U.S.C. Sec. 2056(a). The purpose of the marital deduction is to permit a noncommunity property state to attain equality of federal estate tax treatment with a community property state if its legislature is so minded. Old Colony Trust Co. v. McGowan, 156 Me. 138, 163 A.2d 538. It is not to grant the surviving widow a tax exemption. In re Estate of Hurlbut, 126 Vt. 562, 238 A.2d 68; In re Uihlein's Will, 264 Wis. 362, 59 N.W.2d 641, 38 ALR2d 961. The marital deduction is for the benefit of the entire estate; the surviving widow shares in that benefit with other distributees because the gross value of the estate is reduced by the marital deduction resulting in a smaller federal estate tax; so the widow's distributive share must bear its proportionate

share of the burden of the federal estate tax unless the ultimate burden is otherwise shifted under state law.  In re Estate of Hurlbut, supra; Old Colony Trust Co. V. McGowan, supra.

Congress has not seen fit to allocate the burden of the federal estate tax, but has left it to state law to determine the ultimate thrust of the tax; thus the question of the ultimate burden of federal estate taxes is one of state, rather than federal, law.  Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed 106, 142 ALR 1131 (1942); Estate of Marans v. Newland, 143 Mont. 388, 390 P.2d 443.

Initially, we are confronted with the plain language of section 22-107, R.C.M. 1947.  This statute states unequivocally that a widow may renounce and take her intestate share of the husband's personal estate "after the payment of * * * any and all taxes, including * * * federal * * * estate taxes."  This provision would appear to burden the Greenough estate's share with a proportionate share of the federal estate tax.

However, the Ninth Circuit Court of Appeals in Robinson v. United States, 518 F.2d 1105, 1108 (1975), deciding a case arising under the provisions of a will and the estate tax laws of the United States, construed Montana law otherwise:

> "Accordingly, we find that under Montana law
> federal estate taxes, unless their payment is
> otherwise specifically provided for in the will,
> must be equitably apportioned among residuary
> interests so that a residuary interest not gen-
> erating any estate taxes does not bear any burden
> for payment of such taxes."

In Robinson, the "residuary interest not generating any estate taxes" was the widow's testamentary one-third of the residue which, as in this case, fully qualified for the marital deduction under 26 U.S.C. §2056.  The Robinson court held that:

> " * * * the share passing to the spouse is one-
> third of the residuary estate before payment of
> federal estate taxes and that the estate is en-
> titled under §2056 of the Internal Revenue Code to

> deduct the full amount of the interest passing to
> the spouse."

The district court in the instant case held that the equitable apportionment rule announced in Robinson applied with equal force to the Greenough estate's elected statutory share qualifying for the marital deduction.

The court of appeals in Robinson recognized that the burden of the estate tax was a question of state law, but also recognized that there were no Montana cases directly in point with the question before it. The federal appeals court then proceeded to determine "as best it can what the state court would decide". It then looked to our decision in Estate of Marans v. Newland, 143 Mont. 388, 390 P.2d 443, for guidance and found that the controlling rationale therein was that a widow's share of a deceased husband's estate which did not generate a federal estate tax was exempt from paying a proportionate share of said tax. We therefore must decide if the Robinson decision correctly reads Marans and applies to the facts of the instant case.

In Marans, the specific issue was whether section 22-107 should impose a tax burden from nonprobate assets upon the widow's elected intestate share of the husband's estate. The effect or applicability of the marital deduction was not in issue. The deceased husband's estate was largely in the form of property jointly owned by him and his son and daughter. This nonprobate property substantially increased the estate's tax liability. The widow renounced the will and elected to take her statutory share. It appeared that if the widow were required to discharge the entire estate tax liability from her intestate share of the residue, then she would be left without any property to inherit. This Court held that a rule of equitable apportionment would be invoked to prevent the disinheritance of a widow under section 22-107 where the bulk of the federal estate taxes was generated by nonprobate

- 7 -

assets. Therefore, estate taxes were ordered to be apportioned between the widow's residue and the children's nonprobate assets. Marans did not hold that the widow was exempt from payment of all federal estate taxes; rather, she was not required to pay any part of the federal estate tax which arose from the nonprobate property.

The overriding consideration of Marans was expressed by this Court at 394-395 of 143 Mont.:

> " * * * If * * * the legislature intended to sub-
> ordinate the widow's statutory share to taxes
> generated by non-probate assets, the effect of
> the statute [section 22-107] would be to cut off
> the widow's only means of protection against
> 'tax disinheritance,' i.e., her option to take
> against the will and nullify the testator's ex-
> pressed intention relative to the taxes with which
> her share would be encumbered. In view of the
> policy of the law to protect a widow from disin-
> heritance, as reflected by the very statute under
> consideration * * * we do not impute to the legis-
> lature the intent to give and take away in one
> statutory pronouncement." (Emphasis supplied.)

While the result of Marans is sound, the federal court of appeals misapplied it in the Robinson case. Robinson did not deal with the problem of the tax burden imposed by nonprobate property, nor did it concern section 22-107. Marans held that taxes generated by nonprobate property would not be charged to disinherit a widow; Robinson went considerably further and held that property not generating tax would be exempt from all tax liability. Marans did not announce this latter proposition.

We hold that the equitable apportionment rule adopted in Marans does not apply to the instant case. The parties agree that the Mosby estate is almost wholly comprised of probate assets. Thus there is no inequitable burden imposed upon the widow's share by nonprobate assets. In the absence of a compelling equitable argument, as was made in Marans, we can find no legal or policy justification for the exemption of an undivided one-third interest in the gross estate from the payment of taxes while requiring the

other two-thirds to bear the burden.  This was the view expressed in the opinion of Hon. James F. Battin, federal district judge in Robinson v. United States, 369 F.Supp. 925 (1974), which was later reversed by the Ninth Circuit Court of Appeals in 518 F.2d 1105.

We recognize the conflict of authority from other jurisdictions regarding the question of whether a qualified marital deduction which generates no tax should bear any burden of federal estate tax.  Under the facts of this case, where the widow renounced and took her intestate share pursuant to section 22-107, R.C.M. 1947, we are constrained to forego further analysis of the conflicting cases and follow the express direction of our statute.  The mandate of the statute is that the Greenough estate's elected intestate share is subject to its proportionate payment of federal estate taxes.

This holding renders irrelevant the other issues presented in this appeal.

The district court's amended order of January 8, 1976, is reversed insofar as it orders the representatives of the Mosby estate to distribute one-third of the personal property of the estate to the representatives of the Greenough estate exempt from payment of federal estate taxes.  This case is remanded to the district court with directions to order the distribution of the personal property of the Mosby estate in accordance with this opinion.

_____
                                    Justice

We concur:

_____
Chief Justice

_____

_____
Justices                    - 9 -