## STATE OF VERMONT
## ENVIRONMENTAL COURT

|  | } |  |
| --- | --- | --- |
| **Town of Randolph** | } | **Docket No. 5-1-05 Vtec** |
| vs. | } | |
| **Estate of Fred White** | } | |
|  | } | |

### <u>Decision on Motion to Intervene</u>

The Town of Randolph (Town) filed this enforcement action against the Estate of Fred White (Estate) on January 5, 2005, alleging that there was unlawful scrap metal and other items on the Estate's property in violation of the Town zoning regulations. The Estate and the Town subsequently entered into a Stipulation, wherein the Estate consented to judgment against it for violating the Town zoning regulations and agreed to remove all of the offending items from the Property. This Court entered an Order based upon the Stipulation on May 10, 2005.

Nearly fourteen months later, on July 3, 2006, Jill M. Williams filed a motion pursuant to Rule 24(a)(2) of the Vermont Rules of Civil Procedure (V.R.C.P.) to intervene in this action, requesting party status as a defendant because she has an interest in the Estate.[1] The Town is represented by Peter M. Nowlan, Esq.; the Estate is represented by Jeffrey L. Taylor, Esq.; and Ms. Williams is represented by Maryann Zavez, Esq., with assistance from Student Intern Rory Thibault.

> V.R.C.P. 24(a) provides that:
>
> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.[2]

---

[1] Ms. Williams is the Decedent's daughter and one of fifteen heirs to his estate. The evidence does not reveal any other present, choate interest Ms. Williams holds in the property which is the subject of this post-judgment enforcement proceeding.

[2] Rule 24(c) requires any party desiring to intervene to file "a pleading setting forth the claim or defense for which intervention is sought." Ms. Williams has not submitted such a pleading with her motion, but it is not necessary for the Court to address this deficiency in light of the reasoning set forth below.

Timeliness under the Rule is "a matter within the discretion of the court." Ernst v. Rocky Road, Inc., 141 Vt. 639, 640 (1982). In exercising this discretion, trial courts are advised that the relevant factors include the movant's power to have sought intervention earlier, the case's progress, the harm that may be visited upon those who are already parties to the case if the intervention request is granted, and the availability of other means to join or participate in the case. Id. at 639-640.

With respect to timeliness, Ms. Williams appears to have been aware of this action since its inception, nearly 21 months ago, but chose not to intervene until after judgment was entered. The fact that she may have been unsure of the exact size of the parcel of land she may receive from the Estate does not allow us to turn a blind eye to her delay in seeking intervention. Rather, that uncertainty speaks to whether Ms. Williams has a recognizable, inchoate interest in the subject property, a point that is discussed in more detail below. Thus, we conclude that Ms. Williams' motion was not timely filed.[3]

Rule 24(a)(2) also requires that Ms. Williams demonstrate that 1) she has an interest relating to the property that is the subject of this enforcement action and 2) the disposition of this enforcement action may as a practical matter impair or impede her ability to protect that interest, provided she can also show that her interest is not adequately represented by one or more of the parties already in this case.

Here, Ms. Williams has not yet obtained a definitive interest in the property that is the subject of this action. At best, Ms. Williams has a contingent interest in a small portion of the total property that is the res of this municipal enforcement proceeding (i.e.: 3± acres of the over 37± acres, plus improvements and zoning liabilities). An interest in an estate is a contingent one and cannot "belong" or be "choate" until distribution. In re Estate of Hurlbut, 126 Vt. 562, 565 (1967). We cannot conclude that Ms. Williams presently holds an interest that is entitled to the substantial recognition that would justify her intervention in this enforcement proceeding.

We next turn to a review of the final analysis required by Rule 24(a)(2). Although Ms. Williams claims that Mr. Taylor "cannot adequately represent Ms. Williams' interest as his

---

[3] The Town argues that Ms. Williams' motion is untimely under Rule 5 of the Vermont Rules for Environmental Court Proceedings. However, Rule 5 governs appeals from decisions of municipal or administrative bodies. V.R.E.C.P. 5(a)(1). In this case, the Court has original jurisdiction and thus, the procedural rules contained in Rule 5 do not apply. Compare id. with V.R.E.C.P. 3.

primary fiduciary duties are to pay the debts of the estate," she admits that his duty is also to "…protect the interests of all fifteen heirs," including hers. Williams Motion, at 2.

While the degree of inadequacy required by Rule 24(a)(2) "should be treated as minimal," In re Vermont Public Power Supply Authority, 140 Vt. 424, 433 (1982), courts are counseled that if the moving party's interest "… is identical to that of one of the present parties, or if there is a party charged by law with representing his interest, then a compelling showing should be required to demonstrate why this representation is not adequate." 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1909, available on Westlaw. Where the proposed intervenor shares an ultimate goal with a party, "[t]hat situation creates a presumption of adequacy which may be overcome by a showing of adversity of interests, collusion, or nonfeasance." Vermont Pub. Power, 140 Vt. at 433; see also Bumgarner v. Ute Indian Tribe of Uintah and Ouray Reservation, 417 F.2d 1305, 1308 (10th Cir. 1970) (interpreting identical federal rule and holding that heirs of estate were not entitled to intervene as matter of right because they failed to demonstrate inadequacy of administratrix's representation of her mother's estate in quiet title action).

Mr. Taylor has a duty to the Estate creditors and heirs. Ms. Williams, as one of the heirs, must therefore make a compelling showing here to overcome the presumption of adequacy of his representation. This Court finds that she has not made the requisite showing. While Ms. Williams argues that her interest is "separate and independent" from the Estate's, she has produced no evidence that her property interest is anything but a subset of the Estate's. She has not demonstrated adversity of interest, or any evidence of collusion or nonfeasance on the part of Mr. Taylor.[4] Therefore, Ms. Williams has failed to make the required showing to allow her to intervene as a matter of right under Rule 24(a).

For the foregoing reasons, Ms. Williams' motion to intervene as a defendant with integrated request for relief is **DENIED**.

The Town has filed a motion for contempt and requests the immediate appointment of a special master and a lien against the Estate's property. The Court believes it is most appropriate to conduct an evidentiary hearing before making a determination on the Town's requests and will

---

[4] Ms. Williams argues that the Administrator "may side with the Town of Randolph on some of the issues in these proceedings . . .." Williams Motion at 2. But Ms. Williams's assertion is merely speculation regarding potential collusion, not proof of actual collusion.

therefore conduct an evidentiary hearing on such requests pursuant to the Notice of Hearing that accompanies this Decision.

Done at Berlin, Vermont this 26th day of September, 2006.


_____
Thomas S. Durkin, Environmental Judge