FRANKLIN NATIONAL INVESTMENT CORPORATION v
AMERICAN SWISS PARTS COMPANY

SECURED TRANSACTIONS—STATEMENT—FILING—ACTUAL NOTICE.

> Plaintiff's failure to file its financing statement of a sale to defendant company with the Secretary of State's office, although the statement was filed with the Register of Deeds office in the county where the collateral was located, did not defeat plaintiff's superior claim to the collateral where the intervening defendant, a subsequent secured creditor of defendant, had actual notice of plaintiff's prior financing agreement (MCLA 440.9401[2]).

Appeal from Shiawassee, Michael Carland, J. Submitted Division 2 May 10, 1972, at Lansing. (Docket No. 12822.) Decided July 26, 1972. Leave to appeal denied, 388 Mich 782.

Complaint by Franklin National Investment Corporation against American Swiss Parts Company for claim and delivery of machines under security agreement. National Acceptance Company of America, intervening defendant, claimed a prior lien on the machines. Judgment for plaintiff. Intervening defendant appeals. Affirmed.

*Gerald J. McClear,* for plaintiff.

*Shanahan & Scheid,* for intervening defendant.

Before: J. H. GILLIS, P. J., and T. M. BURNS and TARGONSKI,* JJ.

REFERENCES FOR POINTS IN HEADNOTE

47 Am Jur, Sales § 905.

What constitutes "security interest" as to which financing statement must be filed under Uniform Commercial Code § 9-302, 11 ALR3d 1231.

* Former circuit judge, sitting on the Court of Appeals by assign-

T. M. Burns, J. Plaintiff sold defendant American Swiss Parts Company two screw machines in exchange for a promissory note for $15,000. The note was secured by a security agreement on the two machines dated November 14, 1968. The security agreement was filed in the Register of Deeds office for the County of Shiawassee on November 21, 1968. When defendant defaulted in payment on the promissory note, the plaintiff claimed that it was entitled to the possession of the two screw machines pursuant to the terms of the security agreement.

After plaintiff filed its complaint, the National Acceptance Company of America (hereinafter referred to as intervenor) filed a motion to intervene on November 10, 1969. The intervention was stipulated to by the plaintiff, and the trial court granted the intervenor permission to intervene as a party defendant in this action in an order filed November 20, 1969.

Intervenor filed its counterclaim on November 21, 1969, claiming that it had a prior lien on the machines in question by reason of a security agreement it entered into with the defendant dated November 20, 1968, covering all of defendant's personal property, and filed with the Shiawassee County Register of Deeds office and the Secretary of State's office on December 5, 1968.

Intervenor alleged that the failure of the plaintiff to file with the Secretary of State's office gave it a priority over the claim of the plaintiff to the machines. Plaintiff admitted that there was no filing with the Secretary of State, but claimed that it had a right to possession of the machines for the reason that the intervenor had notice of its prior security agreement with the defendant. The trial

ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

court held that the intervenor did have actual notice of the contents of the financing statement filed by the plaintiff on November 21, 1968, and further held that the financing agreement between intervenor and defendant did not include the two screw machines because they were not on defendant's premises on November 20, 1968, and could not be after-acquired property because they were purchased on November 14, 1968, six days prior to the security agreement between defendant and intervenor. Intervenor appeals as of right.

Defendant contends that it did not have actual notice of the contents of the financing statement filed by plaintiff with the Register of Deeds office. However, the trial court found as a matter of fact that intervenor did have such notice, the court basing its opinion on the testimony of Mr. Tartof, the president of the defendant company. Mr. Tartof testified that he had specifically told a representative of the intervenor that the screw machines in question had been purchased on November 14, 1968, from the plaintiff and were being financed by the plaintiff and were not, therefore, part of the security being offered to secure the loan which intervenor was making to the defendant.

Mr. Tartof also testified that in January of 1969 the same machines were discussed with a representative of the intervenor, who at that time claimed only a second lien thereon. This testimony was not denied by the intervenor. MCLA 440.9401(2); MSA 19.9401(2) provides:

"A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this article and is also effective with regard to collateral

covered by the financing statement against any person who has knowledge of the contents of such financing statement."

There is testimony to support the trial court's ruling that intervenor did have actual notice of the fact that the machines were being financed by Franklin National Investment Corporation and they would, therefore, have knowledge of the contents of any financing statement filed by plaintiff. Therefore, since we will not reverse a trial court's finding of fact unless it is clearly erroneous, GCR 1963, 517.1, and the trial court's finding is supported by the evidence, the trial court's ruling must be affirmed. We therefore hold that intervenor did have actual knowledge of the contents of the financing statement filed by plaintiff on November 21, 1968, and that plaintiff's position is superior to that of intervenor.

Our ruling on this issue makes unnecessary any discussion of the other issue raised by intervenor, that being whether or not the security agreement entered into between intervenor and the defendant on November 20, 1968, actually covered the screw machines in question. Since we have held that intervenor did have actual notice of the contents of the financing statement filed by the plaintiff, it is irrelevant whether or not the security agreement entered into by intervenor and defendant covered the two screw machines and whether or not the trial court properly allowed parol evidence to be introduced to interpret the agreement.

Judgment affirmed.

All concurred.