**Walter F. HURST, Plaintiff-Appellee,**

v.

**DARE TO BE GREAT, INC., a corporation, et al., Defendants-Appellants.**

**Walter F. HURST, Plaintiff-Appellant,**

v.

**DARE TO BE GREAT, INC., a corporation, et al., Defendants-Appellants.**

**Nos. 72–1720, 72–1662.**

United States Court of Appeals,
Ninth Circuit.

Feb. 1, 1973.

---

484

John J. Haugh (argued), of O'Connell, Goyak & Haugh, Portland, Or., for Walter F. Hurst.

William E. Hanson (argued), Charles R. Mowry, of Dardano, Mowry & Hanson, Portland, Or., for Dare To Be Great, Inc.

John H. Socolofsky, Asst. Atty. Gen. (argued), Lee Johnson, Atty. Gen. Salem, Or., for amicus curiae.

Before DUNIWAY, HUFSTEDLER and TRASK, Circuit Judges.

DUNIWAY, Circuit Judge:

In this case, plaintiff Hurst bought from Dare To Be Great, Inc. (Dare) its Adventure IV, which is described in our opinion in SEC v. Glenn W. Turner Enterprises, Inc., 9 Cir., 1973, 474 F.2d 476, filed today. Disillusioned with what he got, Hurst sued for the return of his money under the diversity jurisdiction. The trial judge held that Adventure IV is an investment contract within the meaning of Oregon Revised Statutes, ch. 59, and gave judgment for Hurst. Both parties appeal.

1. *The appeal of Dare.*

The trial judge held that purchasers of Adventure IV were contributing sufficiently to the product development and promotion of Dare to bring the case within the ambit of State ex rel. Healy v. Consumer Business System, Inc., Or.App., 1971, 482 P.2d 549, which adopted for Oregon the risk capital test of Silver Hills Country Club v. Sobieski, 1961, 55 Cal.2d 811, 13 Cal.Rptr. 186, 361 P.2d 906. He so held notwithstanding the fact that Dare had a "product" in being when it began soliciting business in Oregon.

In diversity cases, where state law controls, we will not overrule the district court's interpretation of state law unless it is clearly wrong, particularly if the highest state court has not passed on the matter. Turnbull v. Bonkowski, 9 Cir., 1969, 419 F.2d 104, 106; Insurance Company of North America v. Thompson, 9 Cir., 1967, 381 F.2d 677, 681. We owe, and we give deference to the local judge's opinion as to the law of his state. To do so here is particularly appropriate because Judge Goodwin is a former member of the Oregon Supreme Court. We are not persuaded that Judge Goodwin's opinion as to the Oregon law is wrong.

2. *The appeal of Hurst.*

The action was for rescission. Hurst paid Dare $5,000, and sought to recover that sum. The court awarded $4,300, finding that Hurst had received benefits worth $700. This finding we hold to be clearly erroneous. All that Hurst received were the "kits" for Adventures I and II plus attendance at a 6-day "school" in Reno. The record demonstrates that these are worthless. Hurst paid his own expenses for the Reno trip; he got nothing of value from it. He had previously taken another trip to Reno, before he bought Adventure IV. He did not pay for it, but neither did Dare. It was paid for by another of Dare's victims, who had become a "salesman." If the tape recorder and carrying case that Hurst received have value, it is more than offset by the cost of his second trip to Reno to take the "course" for which he had paid. Judgment should have been for the full $5,000.

On the issue of damages, the judgment is vacated, and the case is remanded with directions to give judgment for $5,000 damages. In all other respects, the judgment is affirmed.