In re COUNTY GREEN LIMITED
PARTNERSHIP, Debtor.

GOLDBERG CO., INC., et al., Appellants,

v.

COUNTY GREEN LIMITED PARTNER-
SHIP et al., Appellees.

Civ. A. No. 77–0011(C).

United States District Court,
W. D. Virginia,
Charlottesville Division.

Aug. 3, 1977.

Robert M. Musselman, Douglas E. Little, Charlottesville, Va., for County Green Ltd. Partnership.

Abraham J. Dere, Richmond, Va., for Goldberg Co., Inc.

William J. Strickland, Charlottesville, Va., for First and Merchants Nat. Bank.

Ross W. Krumm, Charlottesville, Va., for Tech-Mod Corp. and Dr. Samuel Messina.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

■ This case is before the Court on appeal by Goldberg, Inc., from a determination by the Bankruptcy Court that Goldberg's security interest in certain appliances in possession of the bankrupt debtor, County Green Limited Partnership, is subordinate to the perfected security interest of cross-appellant First and Merchants National Bank. The sole issue in this appeal pertains to the respective priorities of Goldberg, Inc. and First and Merchants in the appliances. The Bankruptcy Court's findings of fact are to be accepted unless clearly erroneous, and due regard is to be given the Bankruptcy Judge's opportunity to determine issues of credibility. Rule of Bankruptcy Procedure 810.

Bankrupt, County Green Limited Partnership, is a Virginia limited partnership which was organized for the purpose of acquiring a parcel of land located in Campbell County, and to construct on the land an apartment complex. The project was financed through a $2,250,000.00 loan by the First and Merchants National Bank. The loan was evidenced by note and secured by a deed of trust and a security agreement. The deed of trust securing the acquired real estate provided in part that all ranges, refrigerators, dishwashers, washing machines, dryers and other equipment installed in or on the real estate or for use there were to

be held to be real fixtures and a part of such real estate whether attached to the freehold or not. The security agreement granted a security interest to First and Merchants in all ranges, dishwashers, garbage disposal units, washers, dryers, air conditioners, carpeting, pool equipment, and other goods, equipment, and fixtures of every nature and description owned by the partnership or used by the partnership on the County Green Apartment premises. The deed of trust was recorded in the Clerk's Office of the Circuit Court of Campbell County, Virginia, on June 12, 1974, and a financing statement covering the property described in the security agreement was also filed there and in the Office of the State Corporation Commission on that date.

The bankrupt, County Green Limited Partnership, entered into a contract with the County Green Development Corporation, a construction company organized to carry out the construction work to be required by the partnership, whereby the Corporation would become general contractor responsible for the completion of the project including the furnishing of all dryers, washing machines, dishwashers, refrigerators, and accessories. The Corporation's only place of business in Virginia was located in Campbell County, and its registered office was located in the City of Lynchburg. The Development Corporation, in turn, entered into an agreement with Goldberg, Inc., whereby Goldberg would furnish the needed washing machines, dryers, refrigerators, dishwashers and other accessories required by the Development Corporation for the completion of the project. Goldberg retained a security interest in the appliances and filed financing statements in the Office of the State Corporation Commission of Virginia on May 21, 1975, and in the Office of the Clerk of the Circuit Court of the City of Lynchburg on May 24, 1975.

From May 25, 1975, through September 15, 1975, Goldberg delivered $90,867.40 worth of appliances, including sales tax, to the Development Corporation at the County Green Apartment Complex. Monthly title examinations conducted by First and Merchants in the Clerk's Office of the Campbell County Circuit Court, before further construction advancements were made, failed to reveal financing statements filed by Goldberg. First and Merchants did receive, as a part of an application for payment of construction funds, a letter relative to equipment shipped by Goldberg to the Development Corporation together with a nearly unreadable photostatic copy of a portion of the front side of the security agreement constituting a part of the agreement between the Development Corporation and Goldberg, Inc. However, "[a]t no time prior to November 12, 1975, the date on which the partnership filed its petition under Chapter XII of the Bankruptcy Act, did First and Merchants have any knowledge of any financing statements filed by Goldberg with respect to the appliances which are the subject of this proceeding." (Stipulation of Fact No. 16). Furthermore, not until November 12, 1975, the date on which County Green Limited Partnership filed its petition in bankruptcy under Chapter XII of the Bankruptcy Act, did Goldberg, Inc. file a financing statement in the Circuit Court of Campbell County, Virginia, covering the appliances sold to the Development Corporation.

Prior to the filing of the bankruptcy petition, in order to solve cash flow problems of the limited partnership, the Tech-Mod Corp., a general partner of the limited partnership, requested Goldberg, Inc. to agree to a deferred payment schedule for the appliances Goldberg was furnishing to the County Green Apartments and to accept a material payment bond issued by the American Home Assurance Corporation in the amount of $75,000.00 in exchange for release of its claimed security interest to the extent of its bond coverage. By letter dated July 3, 1975, Goldberg agreed to relinquish its lien rights up to $75,000.00.

The Bankruptcy Court determined that Goldberg failed to file a financing statement in Campbell County, but, nevertheless, determined that as of July 10, 1975, had a superior secured interest under *Va. Code Ann.*, § 8.9–401(2) (Supp.1976) which

provides that a financing statement filed in an improper place may nevertheless be effective against "any person who has knowledge of the contents of such financing statement." The Bankruptcy Court reasoned that First and Merchants obtained knowledge of the contents of the Goldberg security agreement by virtue of its receipt of the partial copy of Goldberg's security agreement on the 10th of July, 1975. Irrespective of what would otherwise be priority the Court determined that Goldberg postponed the time of the attachment of its security interest by virtue of its agreement to release the first $75,000.00 of security interest to attach and concluded that First and Merchants thereby was entitled to a first priority security interest not to exceed $75,000.00.

■ Under the relevant Virginia provisions of the Uniform Commercial Code a security interest in personal property or fixtures attaches when a security agreement in proper form has been signed by the debtor, value has been given, and the debtor has rights in the collateral. *Va.Code Ann.,* § 8.9–203(2) (Supp.1976). In the present case Goldberg's security interest attached when the appliances were identified to the contract between Goldberg, Inc. and the County Green Development Corporation. At the latest, this occurred when the appliances were delivered to the construction site of the County Green Apartments. First and Merchants' security interest attached to the appliances at the time they were identified to the contract between the Development Corporation and the bankrupt debtor, County Green Limited Partnership. The appliances were delivered to the construction site pursuant to the contract between County Green Limited Partnership and County Green Development Corporation in furtherance of the general contract, and, consequently, were identified to the contract at the latest at that time.

■ Goldberg has argued that the debtor, County Green Limited Partnership, never acquired rights in the appliances pursuant to *Va.Code Ann.,* § 8.9–203(1)(c) (Supp.1976), and, consequently, First and

Merchants' security interest has never attached. The Bankruptcy Court determined that County Green Development Corporation obtained possessory rights in the goods upon delivery to the apartment complex and that debtor, County Green Limited Partnership, acquired these possessory rights by virtue of payments made by it to the Development Corporation. This Court is of the opinion that the mere delivery of the appliances to the construction site for use on the construction project was sufficient to give the debtor rights in the collateral for purposes of § 8.9–203(2). Although the debtor's rights were contingent upon its compliance with the general contract they were nevertheless sufficient to allow attachment of a security interest. *See Generally, Matter of Samuels and Company, Inc.,* 526 F.2d 1238 (5th Cir. 1976). As possession with contingent rights of ownership is sufficient to predicate the attachment of a security interest under § 8.9–203, when coupled with actual payment it is *a fortiori* sufficient.

■ As both Goldberg, Inc. and First and Merchants have competing security interests the question becomes which interest is entitled to priority. With certain inapplicable exceptions *Va.Code Ann.,* § 8.9–301(1)(a) (Supp.1976) provides that "an unperfected security interest is subordinate to the rights of persons entitled to priority under § 8.9–312." *Va.Code Ann.,* § 8.9–312(5)(a) (Supp. 1976), in the pertinent part, provides that in all cases not governed by the other rules of § 8.9–312, priority between conflicting security interests in the same collateral is determined according to the time of filing or perfection whichever is earlier with the first party to file or perfect having priority. As the other provisions of § 8.9–312 are inapplicable priority in the present case is governed by the first to file or perfect rule. Pursuant to the relevant provisions of § 8.9–401 the proper places for Goldberg to have filed were in the Office of the State Corporation Commission and the Office of the Clerk of the Circuit Court for Campbell County, Virginia. *See Va.Code Ann.,* § 8.9–401(1)(c) (Supp.1976). Therefore, Goldberg

neither filed nor perfected prior to the date on which County Green Limited Partnership filed its petition in bankruptcy under Chapter XII of the Bankruptcy Act. Consequently, as First and Merchants both filed and perfected prior to the time that Goldberg either properly filed or perfected there can be no question but that First and Merchants has priority according to the provisions of § 8.9–312.

Irrespective of what it has conceded to be an improper filing, Goldberg, Inc. has argued that it is entitled to priority under *Va.Code Ann.,* § 8.9–401(2). That section makes certain improper filings effective against any person who has knowledge of the contents of the erroneously filed financing statements:

> A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this title and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement.

The Bankruptcy Court determined that by virtue of First and Merchants' receipt of the partial copy of Goldberg's security agreement with the accompanying Goldberg letter, it obtained "knowledge of the contents of the Goldberg security agreement, within the meaning of the statute, to make a good faith filing by Goldberg effective against the security interest of the bank," as of July 10, 1975, the date on which the letter and security agreement were received by First and Merchants. (Bankruptcy Court's Opinion p 15).

 This Court has determined that the Bankruptcy Court's conclusion that Goldberg's security interests were superior to those of First and Merchants according to the provisions of § 8.9–401(2) is incorrect for at least two reasons. First, knowledge of the contents of the security agreement is not the test established by § 8.9–401(2). That section requires knowledge of the contents of the improperly filed financing statement. Second, if the Bankruptcy Court's opinion is read to mean that it has determined that First and Merchants had knowledge of the contents of the misfiled financing statement then it is clearly erroneous. *Va.Code Ann.,* § 8.1–201(25) (1965) provides that "[a] person 'knows' or has 'knowledge' of a fact when he has actual knowledge of it." The parties stipulated that prior to November 12, 1975, First and Merchants had no "knowledge of any financing statements filed by Goldberg with respect to the appliances . . . .." (Stipulation of Fact No. 16). Given this fact, it is difficult to perceive of how a party can know the contents of something which he does not know exists. As the First and Merchants' record searches subsequent to its initial record search were conducted in the Clerk's Office for Campbell County and, subsequent to the initial search, no search was conducted in the Office of the State Corporation Commission, the financing statement remained undetected. (*See* Stipulation of Fact No. 6). Consequently, the sole basis for the Bankruptcy Court's determination is the fact that First and Merchants had knowledge of the security agreement between Goldberg and the County Green Development Corporation covering the appliances in question. Although, in an appropriate case, by circumstantial evidence, it may be proved as a matter of fact that a party has actual knowledge of the contents of a financing statement, it is apparent that this case fails to present that question. It is manifest that the conclusions reached by the Bankruptcy Court were, in essence, legal conclusions whereby it equated knowledge of the security agreement and its contents with knowledge of the contents of the financing statement. To make such a determination is improper. The Uniform Commercial Code is a carefully planned and systematic compilation of logic and experience. Words are painstakingly defined and used in accordance with their intended impact on the everyday commercial transaction. A security agreement is not the same thing as a financing state-

ment. Had the legislature intended for knowledge of a security agreement to be the same as knowledge of the contents of a financing statement it could have said so. Furthermore, such an expanded reading of § 8.9–401(2) tends to circumvent the pure race aspect of § 8.9–312(5). For these reasons the Court has concluded that First and Merchants lacked knowledge of the contents of the financing statement within the contemplation of § 8.9–401(2) as would subordinate its perfected security interest to the unperfected security interest of Goldberg, Inc. First and Merchants, therefore, is entitled to a first priority security interest to the full extent of its loan.

In addition to its other findings, the Bankruptcy Court found that Goldberg subordinated its first priority security interests to those of First and Merchants. Although this Court's determination that First and Merchants had a superior security interest for the entire amount of its loan is dispositive of the controversy, it is worth noting that the District Court is in agreement, but for different reasons, with the Bankruptcy Court that Goldberg, Inc. subordinated its security interest to the extent of $75,000.00 to the security interest of First and Merchants. Referring to the Goldberg agreement to subordinate its interest to the amount of $75,000.00 the Bankruptcy Court concluded that the transaction was, in essence, an agreement to postpone the attachment of Goldberg's security interest pursuant to § 8.9–204(1). Although unperfected, the Goldberg security interest attached as the appliances were identified to the Goldberg-County Green Development Corporation contract. Consequently, only as to those appliances delivered subsequent to the agreement of subordination would this provision be applicable. However, the Uniform Commercial Code makes it clear that the effect of its provisions "may be varied by agreement." *Va.Code Ann.,* § 8.1–102(3) (1965). Moreover, unless displaced by the particular provisions of the Code other principles of law and equity serve in augmentation. *Va.Code Ann.,* § 8.1–103 (1965).

■ Goldberg and the Tech-Mod Corporation, a general partner of the limited partnership, sought to vary the priorities established by the Code through the subordination agreement. This agreement conferred rights upon First and Merchants although it was not a party to the contract. *Va.Code Ann.,* § 55–22 provides when a person not a party to a contract is entitled to enforce benefits conferred upon him by the contract:

> An immediate estate or interest in or the benefit of a condition respecting any estate may be taken by a person under an instrument although he not be a party thereto; and if a covenant or promise be made for the benefit, in whole or a part, of a person with whom it is not made, or with whom it is made jointly with others, such person, whether named in the instrument or not, may maintain in his own name any action thereon which he might maintain in case it had been made with him only and the consideration had moved from him to the party making such covenant or promise. In such action the covenantor or promisor shall be permitted to make all defenses he may have, not only against the covenantee or promisee, but against such beneficiary as well.

To come within the purview of this provision it is insufficient for a person to show that incidental to the contract he would benefit from its enforcement. The person "must show that the parties to the contract clearly and definitely intended to confer a benefit upon him." *Professional Realty Corporation v. Bender,* 216 Va. 737, 739, 222 S.E.2d 810, 812 (1976).

■ It is clear from the stipulated evidence that Goldberg's intent was to give First and Merchants a superior security interest and, thereby, receive the material payment bond. To the extent that it was so benefited it intended to benefit First and Merchants by releasing its claimed first priority security interest. Tech-Mod Corporation's purpose was to insure continued financing of the limited partnership by First and Merchants which it could receive

through subordination by Goldberg of its security interest to the security interest of First and Merchants. The very nature of the transaction evinces an intent to benefit First and Merchants. If the parties contemplated the releasing of funds by First and Merchants on the strength of the subordination agreement, they necessarily intended for First and Merchants to have an enforceable right of priority. Certainly, it must have been understood that a bank would not release money in exchange for priority which it has no right to enforce. It is manifest that the parties to the subordination agreement intended to benefit First and Merchants. Therefore, First and Merchants has a right by virtue of the agreement which it may enforce in its own name.

Goldberg maintains that the general partner of the County Green Limited Partnership with whom it agreed to subordinate its security interest breached the contract thereby relieving it of its obligation to subordinate. The evidence establishes that the essence of the Goldberg subordination contract was that Goldberg was to receive a material payment bond in exchange for subordination of its security interest and that Goldberg received what it bargained for. Therefore, its claim is on the bond and not on the subordination contract.

For the above stated reasons, the judgment of the Bankruptcy Court is affirmed in part and reversed in part and modified so as to reflect First and Merchants' first priority security interest to the full extent of its loan, including interest.