**In re MISTURA, INC., Debtor.**

**Lee MARCUS and Ann Marcus,
Appellants,**

v.

**McKESSON DRUG COMPANY, a DIVISION OF FOREMOST-McKESSON, INC., a Maryland corporation, Appellee.**

**BAP No. AZ–81–1061LHK.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Sept. 9, 1982.

No appearances were made.

Before LASAROW and HUGHES, Bankruptcy Judges.

### ORDER

Appellee has petitioned for rehearing of the panel's decision on two grounds. Both grounds were fully addressed in the decision, 22 B.R. 60. However, in view of the fact that subsequent authorities have been cited and that appellant apparently perceives little difference—for purposes of this case—between the two leading cases, we comment further.

We read *In re Davidoff,* 351 F.Supp. 440, 443 (S.D.N.Y.1972) as holding that if all of

the information a creditor would obtain from reading a copy of the misfiled financing statement had actually been obtained by the creditor, i.e., if he had actual knowledge of this information, the misfiling would be excused even though the creditor did not see the financing statement.

The critical information stated in *Davidoff* is not the security interest but the debtor's name and address, the secured party's name and address and the type of collateral. Knowledge of the security interest is incidental.

*In re County Green,* 438 F.Supp. 693, 698 (W.D.Va.1977) stands for the rule that "knowledge of the security agreement ... [is not] the same as knowledge of the contents of the financing statement." As we have demonstrated above, *Davidoff* is not squarely in conflict with this.

To the extent that our reference to *Grandview Farm Center, Inc. v. First State Bank of Grandview,* 596 S.W.2d 190 (Tex. Ct.App.1980) suggests that *Davidoff* is satisfied with knowledge of the security interest alone, rather than knowledge of the contents of the financing statement, our statement is misleading.

For the foregoing reasons, we do not believe that additional cases standing for the proposition that "knowledge of its security interest ... was not equivalent to knowledge of the contents of the financing statement," p. 4 of petition for rehearing, conflict with *Davidoff.*

For the same reasons, appellants' citation to the transcript for evidence that appellee knew of the security agreement does not meet the *Davidoff* requirement that there be evidence of the three criteria it sets out at page 443 and which are mentioned in our third paragraph above. Knowledge of the security interest alone is not knowledge of the contents of the financing statement.

The petition for rehearing is denied.