Roy DeShay, Nashville, Tenn., for plaintiff-appellee.

B. Gail Reese, Nashville, Tenn., for defendant-appellant.

**In re Kenneth Ray FOWLKES, Debtor.**

**Samuel K. CROCKER, Trustee, Plaintiff–Appellee,**

v.

**Kenneth Ray FOWLKES, Defendant–Appellant.**

Civ. A. No. 3:88–0398.

United States District Court, M.D. Tennessee, Nashville Division.

Oct. 3, 1988.

### MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The debtor-appellant Mr. Kenneth Ray Fowlkes appeals herein from the order of March 17, 1988 of the Bankruptcy Court of this District, denying him a discharge of his debts in bankruptcy, pursuant to 11 U.S.C. § 727(a)(5). The pertinent facts herein as found by such Court are:

That in 1985, the debtor had ownership in an uncertain amount of cattle. The debtor's federal income-tax return for 1985 shows that, as of December 31, 1985, the debtor owned 98 head of cattle. The statements accompanying the debtor's bankruptcy petition herein, signed by the debtor, disclosed that the debtor owned no cattle as of the date of the debtor's filing on April 17, 1986 of his petition under the Bankruptcy Code, chapter 7.

The debtor's testimony as to the disposition of cattle is contradictory and leaves multiple unanswered questions: Upon examination by the trustee herein, the debtor stated that he sold all his cattle in 1985; but the debtor has testified that he is sure he sold his cows then, because he sold everything he had prior to filing bankruptcy. The debtor testified also, upon examination by the trustee, that he did not know how many head of cattle he owned in 1985. He testified also that, if he had sold any cows, they would have been sold at the Dickson Livestock Center, Dickson, Tennessee.

The only sales-records produced by the debtor are for the sale of four head of cattle on March 12, 1985; five head of cattle on April 9, 1985; six head of cattle on July 2, 1985; and 25 head of cattle on November 5, 1985. The net amount received by the debtor from these sales, as shown by the pertinent sales-tickets, is $7,188.68, for a total of 40 head of cattle. This amount corresponds with the sales reported by the debtor on his federal income-tax return for 1985, schedule F, farm income and expenses.

The debtor's response to question no. 14(b) of the Statement of Financial Affairs for Debtor Engaged in Business, filed by the debtor, does not disclose any of the above sales of cattle within the period of one year prior to his filing his petition herein. Likewise, the debtor does not disclose such sales on the same Statement of Financial Affairs for Debtor Engaged in Business, *supra*. The debtor produced no records other than the above-referenced sales-tickets and his federal income-tax return for 1985.

Testimony presented by the trustee and his agent, Mr. John King, reflects that there were no sales of cattle sold under the debtor's name in 1986. The debtor presented no evidence to dispute this testimony; such proof would have further contradicted what was already before the Bankruptcy Court.

Mr. John Bullington, testified that he helped the debtor feed and care for his cattle in 1985 and, as to his knowledge of the debtor's intention to dispose of or conceal the cattle before filing bankruptcy. Mr. Bullington testified also that, in 1985, the debtor owned between 80 and 100 head of cattle and, thereafter, the debtor told him he had conveyed all his cattle to Mr. Hudson Hogan prior to filing his petition in bankruptcy.

*In re: Kenneth Ray Fowlkes*, no. 386–01667, op. of March 17, 1988, pp. 1–3.

28 U.S.C. § 727(a)(5) provides that:

(a) The court shall grant the debtor a discharge, unless—

\* \* \* \* \* \*

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

"At trial, the party objecting to a discharge has the burden of proving the objection. Bankruptcy Rule 4005 (1983). But once that party meets the initial burden by producing evidence establishing the basis for his objection, the burden shifts to the debtor to explain satisfactorily the loss." *In re Chalik*, 748 F.2d 616, 619 (11th Cir. 1984).

The trustee, as is evident by the aforestated facts, met his burden of proving a loss of assets, *i.e.*, the cattle. The dispositive issue, therefore, is whether the debtor-appellant explained satisfactorily the loss of 98 head of cattle.

"Although precisely what constitutes a satisfactory explanation has not been definitively stated, it is clear that the debtor must explain his or her loss in such a manner as to convince the Court of good faith. \* \* \* '[T]he standard by which the explanation is measured may then be said to be one of reasonableness or credibility.' " *In re Hendren*, 51 B.R. 781, 788 [2] (Bank. Tenn.1985).

Furthermore, "[v]ague and indefinite explanations of losses that are based upon estimates uncorroborated by documentation are unsatisfactory." *In re Chalik*, *supra*, 748 F.2d at 619. Our Bankruptcy Court determined that the debtor-appellant had not explained satisfactorily the loss of the pertinent cattle after its finding that:

"The Debtor was first given an opportunity to explain the loss of cattle when examined by the Trustee in a Rule 2004 examination on October 16, 1986. The Debtor's testimony at that time convinces the Court that the Debtor himself did not know the disposition of his assets or was not truthful in his attempted explanation. The facts are present and are shown by the Debtor's 1985 Federal Income Tax Return that he owned 98 head of cattle at the end of 1985. The Debtor has offered no explanation as to the disappearance of these assets. The Debtor has had adequate notice of the Trustee's claim and adequate opportunity to explain what happened to his cattle. The inconsistent testimony of the Debtor, coupled with the Debtor's lack of preceived knowledge concerning the disposition of cattle, is insufficient, unsatisfactory, and fails to meet the standards required of the Debtor before he is granted a discharge.

*In re: Kenneth Ray Fowlkes*, no. 386–01667, op. of March 17, 1988, at p. 54.

"The Bankruptcy Court's findings of fact are to be accepted unless clearly erroneous, and due regard is to be given the Bankruptcy Judge's opportunity to determine issues of credibility." *In re Cty Green LTD Partnership*, 438 F.Supp. 693, 694 [1] (D.C.Vir.1977). Giving such due regard to all of such Court's findings herein, this Court concludes that such Court's finding, that the debtor's explanation of what happened to the pertinent assets was insufficient and unsatisfactory to warrant discharge, is not erroneous clearly. Rule 8013, Bankruptcy Rules.

The debtor-appellant argues, however, that "[o]nly where there is a preconceived scheme to thwart the rights of creditors and the processes of th[e] court, or of such a cavalier disregard of duty as to constitute the legal equivalent of those motives, is the discharge withheld." *In re Brame*, 23 B.R. 196, 200 (Bank.Ky.1982). Although the Bankruptcy Court made no specific finding herein in that regard, the pertinent historic facts herein support a finding of, at the least, "a cavalier disregard of duty."

Therefore, the order of March 17, 1988 of the Bankruptcy Court of this District hereby is

AFFIRMED.